**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 13 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CARLOS EDUARDO TRANCOSO RAMIREZ, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 15-71465 <br><br> Agency No. A200-101-953 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2018**

Before: SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Carlos Eduardo Trancoso Ramirez, a native and citizen of Mexico, petitions

for review of the Board of Immigration Appeals' order dismissing his appeal from

an immigration judge's decision denying his application for asylum, withholding

of removal, and relief under the Convention Against Torture ("CAT"). Our

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings and we review de novo questions of law.  *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005).  We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Trancoso Ramirez's contentions regarding his proposed social group that he raises for the first time in his opening brief.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below).

Substantial evidence supports the agency's determination that Trancoso Ramirez failed to establish that any harm he experienced or fears in Mexico was or would be on account of a protected ground.  *See Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) (a personal dispute, standing alone, does not constitute persecution based on a protected ground); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").  We reject, as unsupported by the record, Trancoso Ramirez's contention that the agency violated his due process rights or otherwise erred by failing to properly analyze his claims.  *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).  Thus, in the absence of a nexus to a protected ground, Trancoso Ramirez's asylum and

withholding of removal claims fail. *See Zetino*, 622 F.3d at 1016.

Trancoso Ramirez does not challenge the agency's determination that he failed to establish it is more likely than not that he would be tortured by or with the consent or acquiescence of the government if returned to Mexico, and therefore has waived any such challenge. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011) (a petitioner waives an issue by failing to raise it in the opening brief).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**